Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court
### for the
### NORTHERN DISTRICT OF ALABAMA

2020 OCT 28  A 10: 22

_____
*Plaintiff,*
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

**v.**

_____
*Defendant(s),*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

Case No. **520-CV-1693-MHH**
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

    A.    **The Plaintiff**

| | |
|---|---|
| Name | Marlena Lewis |
| Street Address | 143 Lucarne Lane |
| City and County | Harvest AL |
| State and Zip Code | 35749 |
| Telephone Number | 256 682 4342 |
| E-mail Address *(if known)* | |

☐    **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

_____    _____
**Date**    **Participant Signature**

Page **1** of **7**

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## II.   **Basis for Jurisdiction**

### B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name — Z-Tech Solutions

Job or Title *(if known)*

Street Address — 17650 Possum Point Road

City and County — Dumfries VA 22026

State and Zip Code

Telephone Number — 919 704 8846

E-mail Address *(if known)*

Defendant No. 2

Name — DRTRC

Job or Title *(if known)*

Street Address — 7029 Old Madison Pike

City and County — Suite 108

State and Zip Code — Huntsville AL 35806

Telephone Number — 703 704 9277

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title *(if known)* | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

Relevant state law *(specify, if known)*:

_____

Relevant city or county law *(specify, if known)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me

☐ Termination of my employment

☐ Failure to promote me

☑ Failure to accommodate my disability

☑ Unequal terms and conditions of my employment

☐ Retaliation

☐ Other acts *(specify)*: Osha (Safety Violation)

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s):

_____

_____

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me

☐    is/are not still committing these acts against me

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race      _____

☐    color     _____

☐    gender/sex _____

☐    religion  _____

☐    national origin _____

☐    age *(year of birth)* _____

*(only when asserting a claim of age discrimination)*

☑    disability or perceived disability *(specify disability)*_____

_____

E.    The facts of my case are as follows. Attach additional pages if needed. ____

i was interviewed in Oct 18 for a specific job Desk
Mgmt Position for a particular skill i had in my resume;
Specifically let Mr. Haley know i had a disability and
couldn't do any manual labor. He assured my it
was not. After i was hired i was told i would be
doing a job lifting heavy equipment, Churning a
forklift, and testing hardware, i was devastated
and tried to reach out to Z-Tech about the Mix-
up, i was told that i was moving from the

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

Page **5** of **7**

Position Secured. Someone that did not know the position I was hired for started working the position I was working in a cold warehouse with no safety shies, back protection gear, nor gloves. I was discriminated on daily as I watched someone else train in the position that I was hired to do. After 6 months I left. I endured harassment, and drauma to my body due to the interference & it with my current health condition. I am deeply depressed about how I was treated.



REMOVAL NOTES LETTER DATE;

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: _____

_____

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter

☑ issued a Notice of Right to Sue letter, which I received on *(date)*: _____

20 Aug 2020

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed

☐ less than 60 days have elapsed

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Due to the fact that there was no accommodation made for my disability (did not move me to actual hire position, I am asking for $500,000. I am seeking another 500,000 for harassment since my claim. I've changed my phones twice for possible hacking, and I have been followed around in the different stores I am going to, seeing the same people all the time. This has also been very stressful and depressing for me so I am asking for 25,000 in all for damages. Total award 1.25 million dollars.

## VI.    Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _25 Oct 2020_

Signature of Plaintiff: _M. lewis_

Printed Name of Plaintiff: _Marlena O. Lewis_

### B.    For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Marlena O. Lewis**<br>**143 Lincarrie Lane**<br>**Harvest, AL 35749** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Birmingham, AL 35205** |

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **TAMMY L. KIRK,** | |
| **420-2019-02938** | **Investigator** | **(205) 651-7052** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Sheri Grenstu* /for

**AUG 2 0 2020**

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**

*(Date Mailed)*

cc:  **c/o Michael Stamp, Attorney**
**Z-TECH SOLUTIONS**
**1921 Gallows Rd, 9th Floor,**
**Tysons, VA 22182**

**Michael Auffenorde**
**MICHAEL E. AUFFENORDE PC**
**2409 Commerce Court Suite B**
**Huntsville, AL 35801**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER<br>420-2019-02938 |
|---|---|---|

|  |  | and EEOC |
|---|---|---|

| State or local Agency, if any |  |
|---|---|

| NAME(Indicate Mr., Ms., Mrs.)<br>Ms. Marlena Lewis | HOME TELEPHONE (Include Area Code)<br>(256-)6170989 | |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 143 Lincarrie Lane, Harvest, AL 35749 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Z-Tech Solutions | NUMBER OF EMPLOYEES, MEMBERS<br>100+ | | TELEPHONE (Include Area Code)<br>(919-)704-8846 |
|---|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 17650 Possum Point Road, Dumfries, VA 22026 | | Prince William |

| NAME<br>BRTRC Federal Solutions | TELEPHONE NUMBER (Include Area Code)<br>(703-)204-9277 | |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7027 Old Madison Pike, Suite 108, Huntsville, AL 35806 | | Madison |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ AGE<br>☐ RETALIATION ☐ NATIONAL ORIGIN ☒ DISABILITY ☐ OTHER (Specify) | 04/05/2019<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Date of Birth: ____    Sex: Female    Race: ____    SSN: ____

I, Marlena Lewis, am a qualified individual with a disability. I was hired by Z-Tech Solutions to work as a Logistics Analyst. My day-to-day operations were directed by BRTRC Federal Solutions, who is a joint employer within the meaning of the ADA. Upon beginning my employment, I was given work performing physical labor even though it was not included in my contract and though on application I noted my status as a disabled veteran. While working, other who were not disabled were brought on to do the work I was hired to do. I have tried addressing this with my employers to have the situation corrected, but despite talks about what my contract defined my job parameters I am still required to perform tasks that interfere with my disability, listed on my application. I was experiencing hand pain because of the constant movement and strain I've been doing at work using my hands, and I have had to seek medical care in order to manage my pain and address my injuries, with ongoing treatment. I could not continue to do the physical work and my employer refused to accommodate me, so I left April 5, 2019. I have been constructively discharged.

JUL 1 9 2019

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will Advise the agencies if I change my address or telephone number and I will cooperate Fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary for State and Local Requirements)<br>U.S. EEOC<br>Birmingham District Office<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|

| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date _July 19_     Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
|---|---|

EEOC FORM 5 (Test 10/94)

10/13/2020
Case 5:20-cv-01693-MHH   Document 1   Filed 10/28/20   Page 12 of 36
OSHA Worker Rights and Protections | Occupational Safety and Health Administration

Home / Workers

# OSHA Worker Rights and Protections





### Know Your Rights

Federal law entitles you to a safe workplace. Your employer must keep your workplace free of known health and safety hazards. You have the right to speak up about hazards **without fear of retaliation**. You also have the right to:

- Receive workplace safety and health training in a language you understand
- Work on machines that are safe
- Receive required safety equipment, such as gloves or a harness and lifeline for falls
- Be protected from toxic chemicals
- Request an OSHA inspection, and speak to the inspector
- Report an injury or illness, and get copies of your medical records
- Review records of work-related injuries and illnesses
- See results of tests taken to find workplace hazards

### When to File a Complaint

- **Safety and Health Complaint**
  If you believe working conditions are unsafe or unhealthful, you may file a confidential complaint with OSHA and ask for an inspection. If possible, tell your employer about your concerns.

  **How to File a Safety and Health Complaint ▸**

- **Protection from Retaliation**
  It is illegal for an employer to fire, demote, transfer or otherwise retaliate against a worker who complains to OSHA and uses their legal rights. If you believe you have been retaliated against in any way, file a whistleblower complaint within 30 days of the alleged retaliation.

  **How to File a Whistleblower Complaint ▸**

### Contact OSHA

To discuss a health and safety issue at work, contact OSHA toll-free at 1-800-321-6742 (OSHA) or by email, or contact your nearest OSHA office. Your information will be kept confidential.

## FREQUENTLY ASKED QUESTIONS

- What should I do if there is a dangerous situation at work?
- Am I covered by OSHA?
- What if I am injured at work?
- Can someone file a complaint for me?
- What happens after I file a complaint?
- What are my employers' responsibilities?
- What are my rights during an inspection?
- Does OSHA have other resources to help me?
- Does my employer have to provide Personal Protective Equipment (PPE) and who pays for it?

[ ▸ ]

## PUBLICATIONS



**Workers' Rights Booklet**
English | Spanish | Available in Print



**Temporary Workers Pamphlet**
English | Spanish | Available in Print

**No one should have to be injured or killed for a paycheck.**

If you think your job is unsafe and you have questions, call OSHA.

**As a Worker, You Have the Right... Magnet**
English | Spanish | Vietnamese

[ ▸ ]

## TOOLS & RESOURCES

 Employer Injury and Illness Data

🌐 Common Hazard Citations
- See a list of the top 10 most frequently cited standards across

❓ OSHA Law and Standards

# PROTORÆ LAW PLLC

MICHAEL E. STAMP
703.942.6751 (p)
mstamp@protoraelaw.com

1921 Gallows Road, 9th Floor
Tysons, VA 22182
703.942.6758 (f)

December 20, 2019

Ms. Angela Howard
U.S. Equal Employment Opportunity
Commission
Birmingham District Office
1130 22nd Street, Suite 2000
Birmingham, AL 35205

**RE:  Marlena Lewis v. Z-Tech Solutions**
        **EEOC No:  420-2019-02938**

Dear Ms. Howard:

I represent Respondent, Z-Tech Solutions ("Z-Tech"), in connection with the above-referenced Charge of Discrimination filed by Marlena Lewis ("Ms. Lewis") and this letter sets forth the position of Z-Tech concerning her Charge of Discrimination. Put simply, Z-Tech did not discriminate against Ms. Lewis in any way; in particular, it did not discriminate against her based on any disability. Moreover, according to Ms. Lewis's own admission, her decision to resign from Z-Tech was voluntary and arose from her personal desire to find a position more in line with her employment qualifications. Accordingly, Ms. Lewis's Charge of Discrimination should be dismissed.

**Summary of Facts**

Z-Tech is a subcontractor to BRTRC Federal Solutions ("BRTRC"), which is a prime contractor to the Federal Government. In late 2018, Z-Tech entered into a subcontract with BRTRC to perform logistics services and warehouse management operations support required to be performed under BRTRC's prime contract with the Federal Government.

In order to fulfill its duties under its contract with BRTRC, Z-Tech identified and recruited Marlena Lewis as a person with logistics experience who could assist Z-Tech in meeting it contractual obligations to BRTRC. On October 16, 2008, Z-Tech offered Ms. Lewis employment as a Logistics Specialist, and she immediately accepted. (*See* Exhibit 1.) During the on-boarding process, Ms. Lewis completed an application for employment at Z-Tech (Exhibit 2) and she was provided a summary of the anticipated job duties (Exhibit 3). Contrary to Ms. Lewis's averment in her Charge of Discrimination, she did not state in her job application that she was a disabled veteran (*see* Exhibit 2) and she did not indicate that she had any disability that impacted her ability to perform her job.

claims that Z-Tech refused to accommodate her, but nowhere does Ms. Lewis allege that she informed Z-Tech of the nature of her disability or that she even sought any reasonable accommodations. Indeed, Ms. Lewis admits that "I never disclosed the actual condition because I don't have to disclose the actual condition." (Exhibit 7 at 7.) Moreover, in March 2019, after Ms. Lewis took time off work for a medical issue, she provided Z-Tech with a doctor's note stating that she could return to work "without restrictions." (Exhibit 8.) Ms. Lewis's decision to refrain from identifying any specific disability, and her choice not to discuss how that specific disability might be reasonably accommodated, deprived Z-Tech of the opportunity to offer her any reasonable accommodations.

### III.   Ms. Lewis Fails to Support Her Claim of Constructive Discharge

Ms. Lewis's Charge of Discrimination asserts that she was constructively discharged. However, the Charge of Discrimination lacks any facts supporting such a claim.  To establish constructive discharge, Ms. Lewis bears a heavy burden and is required to show that Z-Tech deliberately made her working conditions so intolerable as to force a reasonable person to leave. Mere dissatisfaction with the nature of the job assignments is not enough.

Ms. Lewis identifies nothing intolerable about the working conditions at Z-Tech, nor can she.  Ms. Lewis simply disliked the nature of the job assignments she had been given.  In January 2019, Ms. Lewis told Z-Tech that she thought the job would only involve office work, but stated that she was "willing to wait awhile longer to see what happens." (Exhibit 5.)  A month later, Ms. Lewis again complained that she was "still in the warehouse doing the same old stuff" but that she was "hanging in there but not happy with the contract." (Exhibit 6.)  Ultimately, Ms. Lewis quit because she found a job that was more administrative in nature.  (Exhibits 9, 7 & 11.) Since neither the allegations nor the record support her allegation that she was constructively discharged, her Charge of Discrimination should be dismissed.

### IV.   BRTRC Federal Solutions Is Not Ms. Lewis's Joint Employer

Ms. Lewis asserts that BRTRC Federal Solutions "is a joint employer within the meaning of the ADA." However, to be a joint employer, one company must have control over the terms and conditions of employment of the other company's employees.  However, nothing in the Charge of Discrimination supports such a conclusion.  Moreover, Ms. Lewis never alleges what actions she claims were taken by BRTRC and which she claims were taken by Z-Tech.  Since there is no evidence that BRTRC exercised any control over the terms and conditions of Ms. Lewis's employment, her contention that BRTRC was her joint employer is meritless.

### V.   Ms. Lewis's Charge of Discrimination Was Not Filed Within 180 Days

A charge of discrimination must be filed within 180 days of the alleged discrimination when there is no State or local law that provides relief for discrimination on the basis of disability.  Here, Ms. Lewis claims that the discrimination commenced "upon the beginning of

2019. (Exhibit 10 ¶ 5.) At no point in time did Ms. Lewis identify any specific disability that impacted her ability to perform her job or ask for any accommodations for any disability.

### Argument

Pursuant to 29 C.F.R. § 1601.18, when a charge on its face fails to state a claim under the ADA, the Commission must dismiss the charge. Here, Ms. Lewis fails to describe anything cognizable as a disability under the ADA. Nowhere does Ms. Lewis articulate any limitations on her ability to perform the work assigned to her. Furthermore, she fails to provide any basis from which one could conclude that she was constructively discharged. Since she has not identified any disability, or any discriminatory conduct by Z-Tech, the Charge of Discrimination should be dismissed.

### I.    The Charge of Discrimination Should Be Dismissed Because Ms. Lewis Fails to Identify any Disability

Nothing in the Charge of Discrimination supports Ms. Lewis's claim that she has any disability. An individual has a "disability," as that term is used in the ADA, if she: (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such impairment; or (c) is regarded as having such impairment. The Charge of Discrimination is devoid of any reference to any physical or mental impairment that substantially limits any major life activities. Simply declaring that one is disabled, without any supporting facts or evidence, is not enough to support a Charge of Discrimination.

Moreover, Z-Tech never regarded Ms. Lewis has having a physical or mental impairment. Although Ms. Lewis claims that she "noted [her] status as a disabled veteran" on her employment application, that statement is false. Nowhere in her employment application did she reference any disability. (Exhibit 2.) Nor did Ms. Lewis inform Z-Tech at any other time that she had a disability that substantially limits her in any way. In fact, Ms. Lewis admits that she never provided Z-Tech with any specific information about her alleged disability (Exhibit 7 ("I never disclosed the actual condition because I don't have to disclose the actual condition.").) Ms. Lewis merely voiced her dissatisfaction with the fact that the job turned out to require more physical effort than she had anticipated, but that she was "hanging in there" and "willing to wait awhile longer to see what happens." (Exhibit 5.) Meanwhile, Ms. Lewis continued to perform her assigned tasks. Therefore, Z-Tech naturally had no reason to view her as having any disability that required accommodation under the ADA. If Ms. Lewis had identified a disability, Z-Tech would have engaged in discussions with her to try to find a reasonable accommodation.

### II.    Ms. Lewis Fails to Identify Any Accommodations She Sought

Even if Ms. Lewis did have a disability covered by the ADA, she failed to adequately ask Z-Tech for any accommodations. An employee has a responsibility to communicate with her employer if she claims to have a disability that impacts her ability to perform her job. Ms. Lewis

-3-

Z-Tech maintains a policy of not discriminating against any employee based on disability. Z-Tech's President is a service-disabled veteran and it is very sensitive to all disabled personnel; indeed, Z-Tech has made reasonable accommodations concerning one other employee with a disability. Its non-discrimination policy is set forth in its employee handbook, which is provided to every employee, including Ms. Lewis. The employee handbook states:

> It is the policy of Z-TECH to comply fully with all applicable provisions of the Americans with Disabilities Act (ADA) and to provide a barrier free work environment as part of ensuring equal employment opportunities for all its applicants and employees. Z-TECH will not discriminate against any qualified employee or job applicant with respect to any terms, privileges, or conditions of employment because of a person's disability. It is the responsibility of the employee or applicant to make the Company aware of his or her disability and to request and define the requirements of accommodation. Consistent with the provisions of the ADA, Z- TECH will provide reasonable accommodations to a qualified individual with a disability provided the requested accommodation does not constitute an undue hardship on the Company or other employees.

(Exhibit 4 § 3.3.)

Ms. Lewis was initially hired to provide logistics and warehouse management support that was to include shipping and receiving, packaging, inventorying, disposal, and hazardous material certification and handling, among other duties. (Exhibit 3.) But shortly after beginning the job, Ms. Lewis began expressing concerns not about the work itself, but about the warehouse environment. For instance, she complained that people are too close to each other, had very little privacy, and that she was generally with the workplace. She did not express any issues with the actual work itself, nor did she indicate any limitations on the work she could perform.

Soon after Ms. Lewis was hired, the needs of Z-Tech's customer changed, and Ms. Lewis's job responsibilities changed accordingly. Thus, Ms. Lewis's job responsibilities, which were initially intended to be administrative in nature, began to require some element of light physical labor. In January 2019, Ms. Lewis expressed dissatisfaction with this element of the job, stating that she thought the job would only involve office work, but she explained that she was "willing to wait awhile longer to see what happens." (Exhibit 5.) A month later, Ms. Lewis again complained that she was "still in the warehouse doing the same old stuff" but that she was "hanging in there but not happy with the contract." (Exhibit 6.)

On March 25, 2019, Ms. Lewis provided her resignation to Z-Tech, effective April 5, 2019. (Exhibit 9.) In her resignation e-mail, she explained that she accepted another job offer that would "better enhance" her current qualifications. (Id.) Shortly afterwards, Ms. Lewis filed a complaint in Alabama state court seeking workers' compensation benefits. (Exhibit 10.) As part of that lawsuit, Ms. Lewis alleged that she experienced a job-related accident on March 4,

my employment." (*See* Charge of Discrimination.)  Since Ms. Lewis began her employment on October 17, 2018, the deadline for Ms. Lewis to file her discrimination claim expired on April 15, 2019.  However, Ms. Lewis did not file her Charge of Discrimination until July 19, 2019 – more than 3 months after the filing deadline had passed.  Accordingly, any allegations concerning conduct that occurred before January 2019 should be considered untimely.

Very truly yours,

Michael E. Stamp

Rebuttal Statement for BRTRC                                                                                    10 Jan 2019

Dear Ms. Howard, in response to Ms. Gill position statement uploaded on the EEOC portal on20 Dec 2019 I would like to provide the following statement:

All the emails been submitted for evidence by BRTRC and Z-Tech is clearly evident that the position I was told to do by BRTRC was clearly not in the contract. My job description was provided and no lifting, testing, or any mention of what the job entailed that I later did was never put in the original job description. I have never been hired on a job where specific details and regards to heavy lifting, prolonged standing, or may require lots of testing involving your hands was ever not mentioned. These are specific details about the position. I also let Daniel Weesner and Shawn Osborne know immediately once asked to do the job that I had a disability. They both immediately said that I would be provided help and the job would not interfere with it.  The application documents submitted did not have a disability form attached. Please see original emails sent to Burt Chastain. Therefore the violation is on the company and not me. I would never not check that block on any of my applications therefore I do not believe it is an original document.

BRTRC was constantly watching my every move while working inside the warehouse and was aware I was not lifting anything outside of my limitations. I was asked from Daniel Weesner about the position and I told him I was unhappy as the position was too much on my body and he assured me I was not going to be doing the position long. I did complain because I was hurting every day and they let me stay in the warehouse while another employee was doing my job. Clearly, this was discrimination as I watched someone else train on the job that I was qualified to do but they would not put me in the position I was hired by Z-Tech to do. I raised these questions to Z-Tech immediately and nothing was ever done about until I left because of my health was declining.

On my final departure day I believe it was 6 Apr 2019, Shawn Osborne visited the facility and personally told me to not leave and he would put me on the DPAS Management team. I said no, it's too late as I accepted another position. I believe this is clearly an indication of fault as this should have been done immediately upon being hired. BRTRC withheld my position from me and I had to work outside of my disability therefore they must be held liable for all manner of discrimination. The company ignored my plea for help and therefore should be held liable. This has affected my health and I have been very depressed because of the situation. I ask that you continue with this investigation so I can finally get some closure from being treated so horribly wrong and being violated for being a disable veteran.

Because this issue was ongoing my complaint is relevant and was filed in a timely manner. I was asking throughout the entire 5 months about changes to the position and was told it was being looked into. (See supporting emails) because of that I thought a change would come but the situation did not get better and I left voluntarily. Because Z-Tech hired me they do hold a responsibility in making sure my job duties was in line with the Contract in which it was not. An email from Mr. Osborne dated Jan 10, 2018 clearly indicated that this was an additional duty and I was doing the job temporarily until other personnel was trained. This was clearly evident that I should have never done this position and it was changed after I was hired, Therefore Z-Tech must be held liable for their lack of action as well as BRTRC.

Respectfully Submitted,

Marlena Lewis (Complianiant)

Rebuttal Statement for Z-Tech                                                                                      10 Jan 2019

Dear Ms. Howard, in response to Mr. Stamp position statement dated 20 Dec 2019 I would like to provide the following statement:

Z-Tech account of what happened upon me being hired was inaccurate. I specifically emailed Mike Zarou to ask him about the position from the start when he contacted me based on my resume he had seen online in an email dated 16 Oct 2018. As we discussed the position I told him that day that I was a disabled veteran and I had specific job duties I was able to do. I asked him for a job description but received it days later and we discussed by phone what I was to be doing in which I was told was DPAS Management as that was in the job description as well as my resume he had seen online. I clearly stated I am looking for an office Management position and he said yes that it would be. That was when I accepted the position. I was in no hurry to accept the position but Z-Tech was the one that was eager to hire me because of my skills and qualifications (see email dated Oct 16, 2018), we spoke for 2 days on The phone and I asked for the specifics about the job in which he did not have during our phone calls but would let me know more later.

Yes, I was hired to do some basic warehouse management but when I saw that the job took a whole new turn after being hired I raised the flag immediately. There was nowhere in the job description that was given to me by Mr. Zarou was any details about lifting, testing C-Ram equipment mentioned as I read it thoroughly. Those details should have been listed in the Contract. I specifically asked him about it and he was in agreement to my job specifications. I immediately reached out to Mr. Kraft as well as BRTRC about the position. They did provide an email that stated I was not supposed to be even doing that position and I was just the one happened to get trained. See email dated 10 Jan 2018. I reached out to both chain of commands, BRTRC and Z-Tech all throughout my time there to express me working outside my current disability and I kept hearing we will look into it. I did leave voluntarily as the pain started to feel unbearable. I expressed my pain to Mark Reynolds (a Gov Employee) on a daily basis. Z-Tech did not have a VA disability form in my application, please see original email of all signed documents sent to him on. Therefore that is not my fault and the organization is to be blamed per law as to not having the form as part of the application process.

On the issue of my appointments, they are considered irrelevant to my disability as I was out for another medical reason and I do not have to provide the specifics in detail. I was out on several occasions from work because of my back and hands which was not mentioned once when I told Daniel Weesner I was hurting and would be leaving early. I never complained but made it known to the command that this was clearly an issue. I also saw another employee on a daily basis work my position of Property management who sat right next to me in which I was told I would be doing. This went on daily as I worked in the warehouse. Clearly this was discrimination as I was incapable of doing such manual labor.

Because this issue was ongoing my complaint is relevant and was filed in a timely manner. I was asking throughout the entire 5 months about changes to the position and was told it was being looked into. (See supporting emails) because of that I thought a change would come but the situation did not get better and I left voluntarily. Because Z-Tech hired me they do hold a responsibility in making sure my job duties was in line with the Contract in which it was not. An email from Mr. Osborne dated Jan 10, 2018 clearly indicated that this was an additional duty and I was doing the job temporarily until other personnel was trained. This was clearly evident that I should have never done this position and it was changed after I was hired, Therefore Z-Tech must be held liable for their lack of action as well as BRTRC.

Respectfully Submitted,

Marlena Lewis (Complianiant)

**mzarou z-techllc.com**

| | |
|---|---|
| **From:** | mzarou z-techllc.com |
| **Sent:** | Monday, October 22, 2018 4:46 PM |
| **To:** | marlena lewis |
| **Subject:** | PWS |

Hi Marlena. Finally got a signed subk. Below is the Statement of work you'll be working. I'm getting you more details with regards to the Building, POC, etc.

C.3.2.1: The contractor shall provide Logistics services and Warehouse Management Operations that include receiving, shipping, packaging for transportation, inventorying, disposal, hazardous material certification and handling, maintenance and determining serviceability of C-RAM PD equipment at Government Leased or Owned Facilities in CONUS and OCONUS PD C-RAM locations stated in this TO.

C.3.2.11: The contractor shall develop and execute instructional documentation with step by step processes for training and maintaining the COLTS database in PD C-RAM program management. This shall require documents to be provided by Technical Report-Study/Service in accordance with (IAW) DI-MISC-80508 (CDRL A003).

C.3.2.13: The contractor shall perform Logistics analysis and provide documented solutions, such as Standard Operating Procedures (SOP) for business processes, user training for database, or a white paper for a solution in order to improve PD C-RAM Program Management and Sustainment Support Business Processes. The Government will have ultimate approval and authority over its SOPs; all documentation received under this contract shall provide the Government with unlimited rights in accordance with DFARS 252.227-7013(b)(1)(v).

**Sincerely,**

**Mike M. Zarou**
**President & CEO**
**Z-TECH Solutions, LLC (SDVOSB) and SBA Certified HUBZone**
**17650 Possum Point Rd., Suite C-6-C**
**Dumfries, VA 22026**
www.z-techllc.com
**703 955-9558**



*Z-TECH has been verified by the Veterans Affairs*

"IMPORTANT NOTICE: This transmission is intended to be delivered only to the named recipient(s) and may contain material that is confidential, proprietary or subject to legal or other protection or privilege. If you are not the intended recipient(s) (or authorized to receive for the recipient), please contact the sender by reply email immediately and delete all copies of this transmission from your systems. Review, dissemination or disclosure, further transmission or other use of, or action taken in reliance on information contained in this transmission by anyone other than the intended recipient(s) is not authorized."

## Tmkraft397@gmail.com

**Subject:**              FW: Checking In

**From:** marlena lewis <mlewis@z-techllc.com>
**Date:** February 19, 2019 at 4:28:40 PM CST
**To:** tkraft z-techllc.com <tkraft@z-techllc.com>
**Subject: RE: Checking In**

> Hi Tom, no new changes I am still in the warehouse doing the same old stuff, I have asked Daniel about
> doing some new things but he says someone is getting hired to do all these warehouse stuff that I have
> been doing so we will see. I am hanging in there but not happy with the contract.
> Thanks for checking on me.
>
> Sent from Mail for Windows 10
>
>
> **From:** tkraft z-techllc.com
> **Sent:** Tuesday, February 19, 2019 8:55:35 AM
> **To:** marlena lewis
> **Subject:** Checking In
>
> Hi,
>
> I wanted to check in and see how you are doing and how things at the site are going? Take Care and
> reach out if you need anything.
>
> **Thomas Kraft,** MBA, PMP, PMI-ACP
> Vice-President | Operations & Corporate Strategy
>
> Z-TECH Solutions, LLC.
> SDVOB & SBA HUBZone
> Office: (919) 704-8846
> Cell: (703) 517-3752
> Email: tkraft@z-techllc.com
> www.z-techllc.com
>
> **Z-TECH**
> Solutions. LLC

1

**Tmkraft397@gmail.com**

| | |
|---|---|
| **From:** | tkraft z-techllc.com <tkraft@z-techllc.com> |
| **Sent:** | Tuesday, December 17, 2019 10:08 AM |
| **To:** | Kraft Thomas |
| **Subject:** | Fwd: Job Duties |

Sent from my iPhone

Begin forwarded message:

> **From:** marlena lewis <mlewis@z-techllc.com>
> **Date:** January 2, 2019 at 5:28:29 PM CST
> **To:** tkraft z-techllc.com <tkraft@z-techllc.com>
> **Subject: RE: Job Duties**
>
> I am testing CRAM1 equipment. The heaviest part of the equipment which is about 400lbst I do have help but I am carrying 20 to 40 lbs a day all day. I do not take jobs if there is lifting but I did not see a weight restrictions on my SOW and Mike said I would be doing office work. I know it is temporary but I am a disabled Vet and really do not suppose to be doing this but I am hanging in there. I am willing to wait awhile longer to see what happens. Thanks for understanding.
>
> Sent from Mail for Windows 10
>
>
> **From:** tkraft z-techllc.com
> **Sent:** Wednesday, January 2, 2019 4:13:19 PM
> **To:** marlena lewis
> **Subject:** Job Duties
>
> Hi Marlena,
>
> Can you provide me some detail on what they are asking to perform as your daily duties?  I want to verify its part of the contract scope.  Thanks,
>
> **Thomas Kraft,** MBA, PMP, PMI-ACP
> Vice-President | Operations & Corporate Strategy
>
> Z-TECH Solutions, LLC.
> SDVOB & SBA HUBZone
> Office: (919) 704-8846
> Cell: (703) 517-3752
> Email: tkraft@z-techllc.com
> www.z-techllc.com
>
> **Z-TECH**
> Solutions, LLC

1

## Burt Chaisarn

**From:**      tkraft z-techllc.com
**Sent:**      Thursday, March 28, 2019 5:47 PM
**To:**        Burt Chaisarn
**Subject:**   Fwd: Dr. Letter for Work

Sent from my iPhone

Begin forwarded message:

> **From:** marlena lewis <marlenalewis1@yahoo.com>
> **Date:** March 25, 2019 at 6:02:03 PM EDT
> **To:** "tkraft z-techllc. com" <tkraft@z-techllc.com>
> **Subject: Re: Dr. Letter for Work**
> **Reply-To:** marlena lewis <marlenalewis1@yahoo.com>
>
> Hi Tom, I am sorry for the delay in response. I am also sorry to report I will be leaving my position at Z-Tech. I have accepted another job offer that will be better enhance my current qualifications. I really tried to make this work but nothing has changed and its been almost 6 months and I am very unhappy with this current situation.
>
> Please send me the address to return the computer, my effective end date will be April 5th 2019. Again, so sorry this is happening. I am planning to inform my command here tomorrow.
>
> On Monday, March 25, 2019 08:56:14 AM CDT, tkraft z-techllc. com <tkraft@z-techllc.com> wrote:
>
>
> Hi Marlena,
>
>
> I wanted to reach out and see how you are feeling and how things are going?
>
>
> **Thomas Kraft,** MBA, PMP, PMI-ACP
>
> Vice-President | Operations & Corporate Strategy
>
>
> Z-TECH Solutions. LLC.
>
> SDVOB & SBA HUBZone
>
> Office: (919) 704-8846
> Cell: (703) 517-3752
> Email: tkraft@z-techllc.com
>
> www.z-techllc.com

1



**Lewis, Marlena**

42 Y old Female, DOB:
Account Number: 43659
143 Lincarrie Lane, Harvest, AL-35749
Home: 256-617-0989
Guarantor: solutions, zteck   Insurance: TRAVELERS
Appointment Facility: Horizons Medical Care PC

05/02/2019                                    Progress Notes: Verne Hewitt Webster, MD

### Reason for Appointment

1. Workers comp
2. Bilateral hand pain ( 4/10 on the pain scale)

### History of Present Illness

Constitutional:

8:16 AM: Ms. Lewis is a very pleasant 42 year-old female in for a workers' comp evaluation. She states that she was working at Z tech soluctions where she constantly used her hands and as a result she has been expeciencing bilateral hand pain at 4/10 on the pain scale. She states the pain began around 3/4/19.

Jones, Candace 5/2/2019 08:20:44 AM >.

### Current Medications

Taking

- Trazodone HCl
- Cyclobenzaprine HCl
- Tramadol HCl 50 MG Tablet 2 tablet as needed Orally bid
- Gabapentin 400 MG Capsule 1 capsule Orally Twice a day Take 1 tabs in the morning and 2 tabs at night

### Past Medical History

Insomnia.

### Surgical History

No Surgical History documented.

### Family History

Father: alive
Son(s): alive
Spouse: alive
Mother: alive
6 brother(s) , 6 sister(s) - healthy. 1 son(s) - healthy.
Townsend, Denise 4/18/2019 05:45:37 PM >
Jones, Candace 5/2/2019 08:20:53 AM >.

### Social History

Tobacco Use:
    Tobacco use other than smoking
      Are you an other tobacco user?  No
    Tobacco Use/Smoking
      Are you a  nonsmoker
Sexual History:
    Sexual History
      Had sex in the past 12 months (vaginal, oral, or anal)?  No
      Have you ever had a Sexually transmitted disease?  No
    Details of Sexual History
      Are you sexually active?  No
      Are you having any sexual problems?  No
      Have you had any sexually transmitted diseases (STDs)?  No
      How many sexual partners have you had?  1
Drugs/Alcohol:

**HORIZONS Medical Care**
Phone: 256-837-2271
Fax: 256-837-2910

| Company Name: | Zteck Solutions | W/C Ins Name: | Travelers |
| Company Address: | 12658 Possum | W/C Address: | PO Box 4614 |
| City, ST, Zip: | Dumfries VA 22026 | City, ST, Zip: | Bussel, NY 14240 |
| Contact Person: | | Phone: | 678-317-7226 |
| Phone #: | 625-317-7226 | Claim #: | FL50400 |
| Verified by: | | | |

**D/S REQUIRED     YES   NO** (circle one) — *NO circled*

Return to Work Capabilities Form & Release:  Medical Provider's Statement
Form to be completed for Employee Release to Transitional Duty

Patient Name: Marlena Lewis     Today's Date: 14 May 19

Injury Description: (INCLUDING DATE AND TIME OF ACCIDENT) March 4 19

Heavy lifting caused pain to neck and head

Was employer notified   YES   NO (circle one) — *YES circled*     Body Part: _____

NOTE: In terms of an 8-hour workday, Occasionally - 1%-33%, Frequently - 34%-66%, Continuously - 67% -100%

## I. IN AN 8-HOUR WORKDAY, INJURED WORKER CAN: (Circle full capacity for each activity)

### Total At One Time

| | | | | | | | | | | | | Unrestricted |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Sit | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | **8** | hrs. | |
| B | Stand | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | **8** | hrs. | |
| C | Walk | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | **8** | hrs. | |
| D | Drive | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | hrs. | |

### Total During Entire 8-Hour Day

| | | | | | | | | | | | | Unrestricted |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Sit | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | **8** | hrs. | |
| B | Stand | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | **8** | hrs. | |
| C | Walk | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | hrs. | |

## II. INJURED WORKER CAN LIFT:

| | | Occasionally | Frequently | Continuously | Not at this time |
|---|---|---|---|---|---|
| A | Up to 10 lbs. | | X | | |
| B | 11-20 lbs. | | X | | |
| C | 21-25 lbs. | | | | |
| D | 26-50 lbs. | | | | X |
| E | 51-100 lbs | | | | X |

## III. INJURED WORKER CAN CARRY

| | | Occasionally | Frequently | Continuously | Not at this time |
|---|---|---|---|---|---|
| A | Up to 10 lbs. | | X | | |
| B | 11-20 lbs. | | | | |
| C | 21-25 lbs. | | | | X |
| D | 26-50 lbs. | | | | X |
| E | 51-100 lbs | | | | X |

## IV. INJURED WORKER CAN USE HANDS:

| | | Simple Grasping | Fine Work | Pushing Pulling | Low Speed Assembly | High speed Assembly |
|---|---|---|---|---|---|---|
| A | Left | X | X | X | | |
| B | Right | X | X | | | |
| C | Comments: | | | | | |

## V. INJURED WORKER CAN USE FEET for repetitive movement as in pushing and pulling of leg controls:

| | Right | Left | Both |
|---|---|---|---|
| | X yes   □ no | X yes   □ no | X yes   □ no |

## VI. INJURED WORKER IS ABLE TO:

| | | Occasionally | Frequently | Continuously | Not at this time |
|---|---|---|---|---|---|
| A | Bend | | X | | |
| B | Squat | | X | | |
| C | Crawl | | X | | |
| D | climb | | X | | |
| E | Reach | | X | | |
| F | Kneed | | X | | |
| G | Twist | | X | | |

## VII. RESTRICTION OF ACTIVITIES INVOLVING:

| | | yes | no | | | yes | no |
|---|---|---|---|---|---|---|---|
| A | Unprotected Heights | | X | C | Exposure to marked change in temperature and humidity | | X |
| B | Being around moving machinery | | X | D | Exposure to dust, fumes, gases | | X |

## VIII. Can injured worker work modified duty Now:   Yes X   No

Remarks: Referel to Physical Therapy MRI C-spine

Patient is to return to work on: 5/14/19

Restrictions apply until: 6/14/19

□ Full Time   □ Part Time   (Hours, day)

Next Appointment: 5/14/19

_____ (Signature of Medical Provider)     Date _____

Employee given copy:  yes   no   initials AH

Caffeine
  Intake: *2-3 cups per day*
Alcohol Screen (Audit-C)
· Did you have a drink containing alcohol in the past year? *Yes*
  How often did you have 6 or more drinks on one occasion in the past year? *Never (0 point)*
  How many drinks did you have on a typical day when you were drinking in the past year? *1 or 2 drinks (0 point)*
  How often did you have a drink containing alcohol in the past year? *2 to 4 times a month (2 points)*
  Points *2*
  Interpretation *Negative*
Do you smoke marijuana?: Denies.
Do you drink alcohol?: Yes,.
Drugs
  Have you used drugs other than those for medical reasons in the past 12 months? *No*
Jones, Candace 5/2/2019 08:21:05 AM >.

## Allergies
Primaquine Phosphate: Allergy - Criticality High

## Hospitalization/Major Diagnostic Procedure
Child Birth

## Review of Systems
General/Constitutional:
  Denies Fatigue. Denies Fever. Denies Headache.
Allergy/Immunology:
  Denies Blistering of skin. Denies Congestion. Denies Cough.
Ophthalmologic:
  Denies Discharge.
Endocrine:
  Denies Cold intolerance. Denies Diabetes.
Respiratory:
  Denies Chest pain. Denies Cough.
Cardiovascular:
  Denies Chest pain. Denies Claudication.
Gastrointestinal:
  Denies Abdominal pain. Denies Constipation.
Hematology:
  Denies Anemia, denies. Denies Fever.
Musculoskeletal:
  Patient complaining of bilateral hand pain, numbness and tingling.
Peripheral Vascular:
  Denies Absent pulses in hands. Denies Absent pulses in feet. Denies Blanching of skin.
Neurologic:
  Denies Balance difficulty. Denies Coordination. Denies Difficulty speaking. Denies Dizziness.
Psychiatric:
  Denies Auditory/visual hallucinations. Denies Delusions.

## Vital Signs
Temp 97.1 F, HR 74 /min,**75 /min**, BP sitting:143/91,**repeat:142/83**, Wt 158 lbs, BMI 29.37 Index, Ht 61.5 in, RR 18 /min, Ht-cm 156.21 cm, Wt-kg 71.67 kg
She has not taken her blood pressure medication this morning.
Jones, Candace 5/2/2019 08:14:32 AM >.

## Examination
General Examination:
  GENERAL APPEARANCE: normal, in no acute distress, well developed, well nourished, healthy.
  HEAD: normocephalic, atraumatic.
  EYES: pupils equal, round, reactive to light and accommodation.
  EARS: normal.
  NOSE: nares patent.
  ORAL CAVITY: mucosa moist.
  THROAT: clear.
  NECK/THYROID: neck supple, full range of motion, no cervical lymphadenopathy.

LYMPH NODES: normal , no axillary, supraclavicular or inguinal adenopathy , no cervical adenopathy , no lymphadenopathy , no palpable adenopathy.

SKIN: no suspicious lesions, warm and dry.

HEART: no murmurs, regular rate and rhythm, S1, S2 normal.

LUNGS: clear to auscultation bilaterally.

CHEST: normal , axillary nodes normal , clear to auscultation and percussion , no costochondral tenderness , no gross rib deformity.

ABDOMEN: normal, bowel sounds present, soft, nontender, nondistended.

BACK: normal.

MUSCULOSKELETAL: numbness and tingling to bilateral hands.

EXTREMITIES: no clubbing, cyanosis, or edema.

NEUROLOGIC: nonfocal, motor strength normal upper and lower extremities, sensory exam intact.

PSYCH: alert, oriented.

## Assessments

1. Pain in right hand - M79.641 (Primary)
2. Fibromyalgia affecting hand - M79.7
3. BMI 29.0-29.9,adult - Z68.29
4. Anesthesia of skin - R20.0
5. Carpal tunnel syndrome on both sides - G56.03
6. Body mass index (BMI) of 29.0-29.9 in adult - Z68.29

## Treatment

### 1. Fibromyalgia affecting hand
Refill Tramadol HCl Tablet, 50 MG, 2 tablet as needed, Orally, bid, 14 days, 56 Tablet, Refills 0

### 2. Anesthesia of skin
Refill Gabapentin Capsule, 400 MG, 1 capsule, Orally, Twice a day Take 1 tabs in the morning and 2 tabs at night, 14 days, 45 Capsule, Refills 0

### 3. Carpal tunnel syndrome on both sides
PROCEDURE: ANS TESTING
Notes: (To be approved by Worker's Comp Insurance).

## Preventive Medicine
DISCHARGE NOTE::

9:20 AM: As ordered by Dr. Webster, Ms. Lewis was discharged with prescription review and instructions to follow up in the office in 2 weeks, as needed/indicated. She has no questions for the doctor at this time. C. Webster, RN.

Work Restrictions form completed. Patient is to return to work on 05/02/19. Restrictions apply until 05/16/19. Avoid heavy liftin of over 10 lbs. Avoid using hands for strenuous activities at this time. Patient should return to office for re-evaluation on 05/16/19.

## Procedure Codes
95923 ANS Testing

## Follow Up
2 Weeks (Reason: HAND PAIN)

**Electronically signed by VERNE WEBSTER , MD on 05/13/2019 at 11:58 AM CDT**

**Sign off status: Pending**

**Horizons Medical Care PC**
**8045 HWY 72 W**
**MADISON, AL 35758-9564**

**Tel: 256-837-2271**
**Fax: 256-837-2910**

**Patient: Lewis, Marlena   DOB:**                 **Progress Note: Verne Hewitt Webster, MD   05/02/2019**

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*



**Lewis, Marlena**

42 Y old Female, DOB:
Account Number: **43659**
143 Lincarrie Lane, Harvest, AL-35749
Home: **256-617-0989**
Guarantor: solutions, zteck   Insurance: **TRAVELERS**
Appointment Facility: **Horizons Medical Care PC**

**04/18/2019**

**Progress Notes: Verne Hewitt Webster, MD**

## Reason for Appointment

1. Bilateral Hand Pain

## History of Present Illness

Constitutional:

5:43 PM: Mrs. Lewis is a pleasant female who is in for evaluation and treatment of acute pain in both hands (at a level 5/10 on the pain scale) that began on 3/4/2019; direct cause, location and time is unknown. She states that her pain is a result of continuous movements and/or muscle strains over a long period of time.

Townsend, Denise 4/18/2019 05:45:07 PM >.

## Current Medications

Taking

- Trazodone HCl
- Cyclobenzaprine HCl
- Medication List reviewed and reconciled with the patient

## Past Medical History

Insomnia.

## Surgical History

Denies Past Surgical History

## Family History

Father: alive
Son(s): alive
Spouse: alive
Mother: alive
6 brother(s) , 6 sister(s) - healthy. 1 son(s) - healthy.
Townsend, Denise 4/18/2019 05:45:37 PM >.

## Social History

Tobacco Use:
    Tobacco use other than smoking
    Are you an other tobacco user? *No*
    Tobacco Use/Smoking
    Are you a *nonsmoker*
Sexual History:
    Sexual History
    Had sex in the past 12 months (vaginal, oral, or anal)? *No*
    Have you ever had a Sexually transmitted disease? *No*
    Details of Sexual History
    Are you sexually active? *No*
    Are you having any sexual problems? *No*
    Have you had any sexually transmitted diseases (STDs)? *No*
    How many sexual partners have you had? *1*
Drugs/Alcohol:
    Caffeine
    Intake: *2-3 cups per day*
    Alcohol Screen (Audit-C)

Did you have a drink containing alcohol in the past year? *Yes*
How often did you have a drink containing alcohol in the past year? *2 to 4 times a month (2 points)*
How many drinks did you have on a typical day when you were drinking in the past year? *1 or 2 drinks (0 point)*
How often did you have 6 or more drinks on one occasion in the past year? *Never (0 point)*
Points *2*
Interpretation *Negative*
Do you smoke marijuana?: Denies.
Do you drink alcohol?: Yes,.
Drugs
Have you used drugs other than those for medical reasons in the past 12 months? *No*

## Allergies
Primaquine Phosphate: Allergy - Criticality High

## Hospitalization/Major Diagnostic Procedure
Child Birth
Denies Past Hospitalization

## Review of Systems
General/Constitutional:
    Denies Chills. Denies Fatigue. Denies Fever. Denies Headache.
Allergy/Immunology:
    Denies Blistering of skin. Denies Congestion. Denies Cough.
Ophthalmologic:
    Denies Blurred vision, denies. Denies Contact lens, denies. Denies Corrective lens, denies. Denies Diminished visual acuity.
Denies Discharge.
ENT:
    Denies Blocked ear. Denies Decreased hearing. Denies Decreased sense of smell. Denies Deviated septum, denies.
Endocrine:
    Denies Cold intolerance. Denies Diabetes. Denies Difficulty sleeping.
Respiratory:
    Denies Breathing pattern. Denies Breathing problems, denies. Denies Chest pain. Denies Cough.
Cardiovascular:
    Denies Chest pain. Denies Chest pain at rest. Denies Chest pain with exertion. Denies Claudication. Denies Cyanosis.
Gastrointestinal:
    Denies Abdominal pain. Denies Blood in stool. Denies Change in bowel habits. Denies Colitis, denies. Denies Constipation.
Hematology:
    Denies Bleeding problems, denies. Denies Fever.
Musculoskeletal:
    Patient complaining of generalized body pains and aches especially to both hands.
Peripheral Vascular:
    Denies Absent pulses in hands. Denies Absent pulses in feet.
Neurologic:
    Admits Pain.
Psychiatric:
    Denies Auditory/visual hallucinations. Denies Delusions.

## Vital Signs
Temp 97.5 F, HR 75 /min, BP 150/85 mm Hg,**145/95 mm Hg**, Wt 179 lbs, BMI 33.27 Index, Ht 61.5 in, RR 18 /min, Ht-cm 156.21 cm, Wt-kg 81.19 kg.

## Examination
General Examination:
    GENERAL APPEARANCE: normal, in no acute distress, well developed, well nourished, healthy.
    HEAD: normocephalic, atraumatic.
    EYES: pupils equal, round, reactive to light and accommodation.
    EARS: normal.
    NOSE: nares patent.
    ORAL CAVITY: mucosa moist.
    THROAT: clear.
    NECK/THYROID: neck supple, full range of motion, no cervical lymphadenopathy.
    LYMPH NODES: normal.

SKIN: no suspicious lesions, warm and dry.
HEART: no murmurs, regular rate and rhythm, S1, S2 normal.
LUNGS: clear to auscultation bilaterally.
CHEST: normal.
ABDOMEN: normal, bowel sounds present, soft, nontender, nondistended.
BACK: normal.
MUSCULOSKELETAL: generalized body pains.
EXTREMITIES: no clubbing, cyanosis, or edema.
NEUROLOGIC: nonfocal, motor strength normal upper and lower extremities, sensory exam intact.
PSYCH: alert, oriented.

## Assessments

1. Fibromyalgia affecting hand - M79.7 (Primary)
2. Pain in right hand - M79.641
3. BMI 33.0-33.9,adult - Z68.33

## Treatment

### 1. Fibromyalgia affecting hand

Start Tramadol HCl Tablet, 50 MG, 2 tablet as needed, Orally, bid, 14 days, 56 Tablet, Refills 0
Start Gabapentin Capsule, 400 MG, 1 capsule, Orally, Twice a day Take 1 tabs in the morning and 2 tabs at night, 14 days, 45 Capsule, Refills 0

## Preventive Medicine

YOUR PREVENTIVE WELLNESS PLAN:

Depression Screening:

Screening for depression was last done on: *04/18/2019*

DISCHARGE NOTE::

6:04 PM: As ordered by Dr. Webster, was discharged with prescription review and instructions. had no further questions for the doctor at this time and will follow up in one month/as needed/indicated. C. Webster, RN.

Counseling:

ALCOHOL USE/ABUSE SCREENING:

Counseling for alcohol use/abuse *was completed today*

Work restrictions form completed. Patient is to return to work on 04/18/19 with restrictions. Avoid use of hand to lift over 10 lbs. Restrictions apply until 05/02/19. Patient to return to office on 05/02/19 for re-evaluation.

## Follow Up

2 Weeks (Reason: hand pain)

## Electronically signed by VERNE WEBSTER , MD on 05/13/2019 at 12:02 PM CDT

## Sign off status: Pending

**Horizons Medical Care PC**
**8045 HWY 72 W**
**MADISON, AL 35758-9564**
**Tel: 256-837-2271**
**Fax: 256-837-2910**

**Patient: Lewis, Marlena   DOB:**          **Progress Note: Verne Hewitt Webster, MD   04/18/2019**

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*

**To:** Shawn Osborne
**Subject:** Re: Marlena Lewis - Job Responsibilities

Thanks.

Sent from my iPhone

On Jan 9, 2019, at 7:33 PM, Shawn Osborne <SOsborne@brtrc.com> wrote:

Let me find out but a lot of the staff are doing things above and beyond. I think one of the things in reference is that she does not know how to use a pallet jack. But let me get specifics on her issue.

Get Outlook for iOS

On Wed, Jan 9, 2019 at 3:16 PM -0600, "tkraft z-techllc.com" <tkraft@z-techllc.com> wrote:

Hi Shawn,

Tom Kraft, Z-TECH Vice-President of Operations. I wanted to reach out to you to better understand Marlena Lewis' job duties and responsibilities. She advised she was testing and training staff on CRAM1 equipment and this entailed lifting heavy equipment throughout the day. I wanted to understand if this is what you envision her to do long-term or is this possibly a temporary role.

If you could provide some clarification, would be very helpful. Open to a quick chat as your schedule allows.

Thanks,

**Thomas Kraft,** MBA, PMP, PMI-ACP

Vice-President | Operations & Corporate Strategy

Z-TECH Solutions, LLC.

SDVOB & SBA HUBZone

Mr. Kraft,

We are in discussion with the government on their COSIS mission. The contract specified LOG support but not dedicate COSIS support. Our plan was simple, get some trained and then train the other members of the team to learn and understand COSIS. Our main COSIS expert along with Marlena were tasked to support, learn and train our staff on this application. We know people were not hired for the COSIS mission in the warehouse and it does require heavy lifting and testing C-RAM equipment. We do have two COSIS experts but they are located in the C-RAM motor pool and now we have COSIS equipment stored in the warehouse so I needed to cross train two people to help out. Some pieces are indeed large and heavy, but there is always assistance available. We have reinforced safety requirements not to lift anything or use equipment by themselves but to ask for assistance. I do have other members of my team that can support but they are traveling on a PAA Inventory or at Fort Campbell so everyone needs to help in the short term. Marlena is not available for extended and travel requirements so it makes it difficult to manage manpower when people are traveling.

Our original plan was to rotate personnel to support this warehouse COSIS requirement so that no one had to do it as a full-time job. Marlena is one our primary personnel but we are also have been cross-training others. We believe we can find a better solution for Marlena and provide her the job satisfaction and take her away from COSIS but I need to time. But I will manage it closely

Regards,


Shawn


Shawn P Osborne

BRTRC Engineering Manager III/Program Manager

Supporting PD C-RAM / C-UAS

BRTRC Federal Solutions

US Cell: 256.808.7596

Email: sosborne@brtrc.com

NIPR: shawn.p.osborne2.ctr@mail.mil


**From:** tkraft z-techllc.com [mailto:tkraft@z-techllc.com]
**Sent:** Wednesday, January 09, 2019 7:14 PM

**From:** tkraft z-techllc.com
**Sent:** Wednesday, January 2, 2019 4:13:19 PM
**To:** marlena lewis
**Subject:** Job Duties


Hi Marlena,


Can you provide me some detail on what they are asking to perform as your daily duties?  I want to verify
its part of the contract scope.  Thanks,


**Thomas Kraft,** MBA, PMP, PMI-ACP

Vice-President | Operations & Corporate Strategy


Z-TECH Solutions, LLC.

SDVOB & SBA HUBZone

Office: (919) 704-8846
Cell: (703) 517-3752
Email: tkraft@z-

www.z-techllc.com